UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Isaul Geremias C.Y., | Case No. 26-cv-971 (MJD/DJF) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Pamela Bondi, *Attorney General of the United States*; Kristi Noem, *Secretary of the U.S. Department of Homeland Security*; Todd M. Lyons*, Acting Director of Immigration and Customs Enforcement*; and David Easterwood*, Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

This matter is before the Court on Petitioner Isaul Geremias C.Y.'s[1] *Verified Petition for Writ of Habeas Corpus* (ECF No. 1) ("Petition"). Isaul is a citizen of Ecuador who entered the United States in December 2023. (*Id.* at 4, 7.) Since February 2, 2026, United States Immigration and Customs Enforcement ("ICE") has detained him at Fort Snelling, Minnesota. (*Id.* at 3-4.) Respondents are various federal officials responsible for enforcing the nation's immigration laws and who control Isaul's detention at Fort Snelling. (*Id.* at 3-4.)

Isaul filed the Petition on February 2, 2026, asking the Court to issue a writ of habeas corpus ordering Respondents to release him immediately, or in the alternative, to be afforded a bond hearing. (*Id.* at 14.) He argues Respondents' authority to detain noncitizens such as himself, who are arrested inside U.S. borders, falls under 8 U.S.C. § 1226(a), which requires a warrant before detention and provides detainees a bond hearing. (*Id.* at 11-12.) Respondents argue that detention of

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in immigration matters.

individuals such as Petitioner falls under 8 U.S.C. § 1225(b)(2), which does not require a warrant and unequivocally mandates detention. (ECF No. 5.)

This is one of numerous recent cases challenging the application of 8 U.S.C. § 1225(b)(2) to noncitizens who have been detained after living in the United States for many months, years, and sometimes decades. The presiding judge in this case, Judge Michael J. Davis, has previously held that, because such individuals are not "seeking admission," *see* 8 U.S.C. 1225(b)(2), that provision does not apply to them. *See Beltran v. Bondi*, 25-cv-4604 (MJD/DTS), 2025 WL 3719856 (D. Minn. Dec. 23, 2025). The undersigned agrees and accordingly concludes that Isaul is subject to the detention provisions of Section 1226(a), not Section 1225(b)(2).

As noted in the Petition, "[i]ssuance of a warrant is a necessary condition" precedent for detention under Section 1226(a). *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Failure to satisfy this requirement is grounds for the immediate release of an individual detained under Section 1226(a), *see Ahmed M.*, 2026 WL 25627, at *3; *Juan S.R. v. Bondi*, 26-cv-5 (PJS/LIB) (D. Minn. Jan. 12, 2026) (ECF No. 8); *Byron V.G. v. Bondi*, 26-cv-99 (KMM/DJF) (D. Minn. Jan. 15, 2026) (ECF No. 8).

Judge Davis ordered Respondents to file an answer to Isaul's Petition and include "[s]uch affidavits and exhibits as are needed to establish the lawfulness … of Petitioner's detention in light of the issues raised in the habeas petition." (ECF No. 3.) Respondents did not include a warrant with their answer, nor did they even suggest such a warrant exists. In the absence of any warrant as required by Section 1226(a), the Court recommends Respondents be ordered to release Isaul immediately.

Given the expedited nature of these proceedings, the Court is altering the standard timelines for Respondents to file objections to this Report and Recommendation. *See* L.R. 72.2(b)(1) ("A

party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*.") (emphasis added). Respondents must file any objection to this Report and Recommendation on or before **February 8, 2026**. Isaul may file a response to any objections on or before **February 10, 2026**.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Isaul Geremias C.Y.'s *Verified Petition for Writ of Habeas Corpus* (ECF No. 1) be **GRANTED IN PART AND DENIED IN PART**.

2. Respondents be ordered to release Petitioner Isaul Geremias C.Y. from custody:

    A. As soon as practicable;

    B. Inside the State of Minnesota;

    C. At a safe time and place communicated in advance to counsel; and

    D. With ***all*** of Petitioner's personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys; and[2]

3. If the Petition is granted, Petitioner be directed that any motion for attorney fees and costs pursuant to the Equal Access to Justice Act must be filed within **21 days** of entry of judgment, along with a well-reasoned memorandum of authorities explaining why an award of fees and costs is warranted under that statute.

---

[2] The Court is dismayed that these specific conditions even need to be ordered. *See Volunteers help ICE detainees find rides, phones and comfort in MN*, Fox 9 KMSP (Jan. 28, 2026 8:08 AM), https://www.fox9.com/news/ice-detainees-minnesota-help (reporting Respondents'

3. The remainder of Petitioner Isaul Geremias C.Y.'s Petition be **DENIED WITHOUT PREJUDICE**.

Dated: February 6, 2026                     *Dulce J. Foster*
                                            Dulce J. Foster
                                            United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. For the reasons previously stated, Respondents must file any objection to this Report and Recommendation on or before **February 8, 2026**. Petitioner may file a response to any objections on or before **February 10, 2026**.

---

failure to do what they ought to do without Court order when releasing a detainee).