**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Isaul Germais C.Y.,

Petitioner,

v.

**MEMORANDUM AND ORDER ON PETITIONER'S MOTION FOR ATTORNEYS' FEES**
Civil File No. 26-971 (MJD/DJF)

Todd Blanche, et al.,[1]

Respondents.

---

John Hayden, Quantum Lex PA, Counsel for Petitioner.

David W. Fuller, Assistant United States Attorney, Counsel for Respondents.

---

## I. INTRODUCTION

Before the Court is Petitioner's Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"). For the following reasons, the motion is denied.

## II. BACKGROUND

On February 2, 2026, Petitioner, a citizen of Ecuador, filed a petition for writ of habeas corpus asking the Court to order Respondents to release him from

[1] Todd Blanche is automatically substituted for Pam Bondi. Fed. R. Civ. P. 25(d).

custody. (Doc. 1.) Petitioner claimed that Respondents had subjected him to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the law, arguing that he was not "seeking admission" to the United States because he had been detained after living in the country since December 2023. He argued that because he was not seeking admission, his detention was properly classified under 8 U.S.C. § 1226(a), which requires issuance of a warrant as a condition precedent for detention. Respondents opposed the petition, arguing that mandatory detention under § 1225(b)(2) was required because Petitioner was seeking admission to the country, pursuant to Avila v. Bondi, which was then-pending before the Eighth Circuit Court of Appeals. No. 25-3248 (8th Cir. docketed Nov. 10, 2025).

On February 6, 2026, Magistrate Judge Dulce J. Foster filed a Report and Recommendation recommending that Petitioner's Petition for Writ of Habeas Corpus be granted in part. (Doc. 6.) Magistrate Judge Foster concluded that Petitioner was subject to the detention provisions of § 1226(a), not § 1225(b)(2) because he had lived in the country for years. (Id. at 2.) Because a warrant is necessary to effectuate arrest under § 1226(a) and because the arrest had been warrantless, Petitioner's release was necessary. (Id.) On February 9, 2026, the

Court adopted the R&R, granted the petition in part, and ordered that Petitioner be released. (Doc. 7.)

On March 25, 2026, the Eighth Circuit issued its opinion in Avila, holding that Respondents' position was correct. 170 F.4th 1128, 1136-37 (8th Cir. 2026).[2]

## III. DISCUSSION

The EAJA provides the following:

> Except as otherwise specifically provided by statute, a court shall award to a **prevailing party** other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, **unless the court finds that the position of the United States was substantially justified** or that special circumstances make an award unjust.

---

[2] A circuit split has emerged on this issue. The Fifth and Eighth Circuits hold that § 1225(b)(2) mandates detention for noncitizens who are arrested in the interior of the country after being here for months or even years. See Avila, 170 F.4th at 1136-37; Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026). The Second, Sixth, Tenth, and Eleventh Circuits hold that these noncitizens are subject to discretionary detention under § 1226(a). See Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026); Santillan Quiroz v. Mullin, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026); Hernandez Alvarez v. Warden, 175 F.4th 1258 (11th Cir. 2026). On October 1, 2026, the Supreme Court granted cert. on the issue. Rhoney v. Barbosa da Cunha, 26-104, --- S. Ct. ---, 2026 WL 2942994 (Mem.). No date has been set for oral argument.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). "[F]ees and other expenses . . . shall be based upon prevailing market rates" for attorneys' fees, but the statute caps these fees to $125/hour unless the court determines "that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

There is no question that Petitioner was the prevailing party because he was "the party ultimately prevailing when the matter [was] finally set at rest." Lackey v. Stinnie, 604 U.S. 192, 200 (2025). Instead, Respondents oppose the instant motion on the grounds that their position was substantially justified. (Doc. 17.)

"Substantially justified" means that Respondents' position had "a reasonable basis in law and fact." United States v. Hurt, 676 F.3d 649, 652 (8th Cir. 2012) (quoting Bah v. Cangemi, 548 F.3d 680, 683-84 (8th Cir. 2008)). Therefore, an incorrect position can be substantially justified as long as "a reasonable person could think it correct." Bah, 548 F.3d at 683–84 (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). "The Government may also be justified in litigating a legal question that is unsettled in this circuit." Id. at 684.

Respondents' position was substantially justified. Although at the time, the majority of judges in this District concurred with this Court that those in

Petitioner's situation were detained pursuant to 8 U.S.C. § 1226(a), the view was not universal. See, e.g., Camerino M. v. Noem, No. 26-668 (PAM/LIB), 2026 WL 593934, at *2 (D. Minn. Mar. 3, 2026); Alvacora v. Olson, 826 F. Supp. 3d 1009, 1014 (D. Minn. 2026); see also Vargas Lopez v. Trump, 802 F. Supp. 3d 1132, 1140-43 (D. Neb. 2025). More importantly, Avila states that Respondents' position was correct. 170 F.4th at 1136-37. Accordingly, the Court finds that the "actual merits of the Government's litigating position" had a reasonable basis in fact and law. Pierce, 487 U.S. at 569. Respondents' position was substantially justified and this motion must be denied.

## IV. ORDER

Based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED** that Petitioner's Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act **[Doc. 12]** is **DENIED**.

Dated: October 6, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court